# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS OLIVER, #458664,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-CV-00735-SMY |
| ) | |
| **JOHN DOE**, *Dental Supervisor*, ) | |
| **ST. CLAIR COUNTY JAIL,** ) | |
| **PRESTION HUMPHREY,** ) | |
| **BUREAU OF PRISONS,** ) | |
| **STATE OF ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Travis Oliver, who is currently incarcerated in the St. Clair County Jail, filed this civil rights action for alleged deprivations of his constitutional rights. He asserts a denial of dental care and seeks monetary damages. (Doc. 1). Based on Plaintiff's allegations, it appears that his is a federal pre-trial detainee. He asserts he is bringing this case pursuant to 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff started to

experience a toothache while incarcerated in the St. Clair County Jail on October 26, 2019. He submitted several grievances, sick call slips, and requests to the staff and the marshals to have them report it to the dentist. No one responded with the proper care that would alleviate his issue completely. The dental supervisor examined his teeth but only provided antibiotics and pain reliever without the proper follow up to a cosmetic dentist.

Based on the allegations in the Complaint, the Court designates the following single claim in this *pro se* action:

> Count 1: Eighth and/or Fourteenth Amendment claim against Defendants for the denial of adequate dental care.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Preliminary Dismissals**

Under 42 U.S.C. § 1983, the St. Clair County Jail, the State of Illinois, and the Federal Bureau of Prisons are not persons subject to suit for money damages. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (state and state agencies not subject to suit under Section 1983 for money damages); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity under Section 1983); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Section 1983 does not apply to federal officials). Further, although *Bivens* authorizes tort claims against federal officers, lawsuits against the federal agency itself are not permitted. *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 69–70, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d

308 (1994). Accordingly, the St. Clair County Jail, the State of Illinois, and the Federal Bureau of Prisons will be dismissed with prejudice.

Additionally, Prestion Humphrey, Plaintiff's federal public defender, is not considered a state actor or a federal official for purposes of a § 1983 claim or *Bivens*. *See Polk County v. Dodson*, 454 U .S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984) ("By analogy [to *Polk County v. Dodson*, 454 U.S. 312 (1981) ], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982) (a federal public defender may not be sued for malpractice in a *Bivens*-type suit). Accordingly, Humphrey will also be dismissed with prejudice.

## Discussion

The only remaining defendant is "John Doe" who is identified as the dental supervisor for the St. Clair County Jail. Plaintiff alleges this individual examined his teeth but only provided antibiotics and pain reliever without the proper follow up to a cosmetic dentist. This allegation is insufficient to state a viable claim under the Eighth or Fourteenth Amendment. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017) (To state an Eighth Amendment claim, a prisoner must show that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.); *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (medical care claims for pretrial detainees are subject to an objective unreasonableness inquiry which focuses on "the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable.").

Accordingly, Count 1 will be dismissed for failure to state a claim upon which relief may be granted.

## Disposition

Defendants St. Clair County Jail, State of Illinois, Federal Bureau of Prisons, and Prestion Humphrey are **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **NOVEMBER 20, 2020**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00735-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any

previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**