IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS OLIVER, #458664,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00735-JPG |
| | ) |
| **DR. MARCOWITZ,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Travis Oliver's First Amended Complaint filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 15). Plaintiff claims he was denied proper dental care for a toothache while on a federal holdover at St. Clair County Jail ("Jail"). (Doc. 15, p. 6). He brings a claim against the defendant for violations of his rights under the Fourteenth or Eighth Amendment. (*Id*.). Plaintiff seeks money damages. (*Id*. at 7).

The First Amended Complaint[1] is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a

---

[1] Plaintiff also filed a Second Amended Complaint (Doc. 19) on January 19, 2021, but he did so without leave of the Court. The Court gave Plaintiff twenty-one days to prepare and file a Motion for Leave to File Second Amended Complaint along with a proposed Second Amended Complaint. However, Plaintiff failed to do so. The Second Amended Complaint against Dr. Marcowitz, Nurse Kate, Sheriff Richard Watson, and Wexford Health Sources, Inc. was dismissed. (*See* Doc. 20). The First Amended Complaint (Doc. 15) against Dr. Marcowitz serves as the operative complaint in this matter. The Clerk's Office shall be **DIRECTED** to **TERMINATE** Nurse Kate, Sheriff Richard Watson, and Wexford Health Sources, Inc. as defendants.

defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 15, p. 6): From October 23, 2019 until September 26, 2020, Plaintiff suffered from a toothache associated with a broken tooth. Exposed nerves caused so much swelling and pain that Plaintiff was unable to sleep or eat "many" days. He filed numerous requests for dental care and grievances about the issue with the staff and marshals. In response, the dental supervisor (Dr. Marcowitz) examined his teeth and prescribed antibiotics and pain relievers. However, this did not resolve his dental problems. Dr. Marcowitz took no other action to repair the broken tooth or refer him to an outside dentist who could address his issues completely.[2] (*Id*.).

## Discussion

Based on the allegations, the Court designates the following count in the *pro se* First Amended Complaint:

**Count 1:** Eighth and/or Fourteenth Amendment claim against Dr. Marcowitz for denying Plaintiff adequate dental care for his broken tooth at the Jail beginning October 23, 2019.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

---

[2] Plaintiff states that he required treatment with a "cosmetic" dentist who could completely address the issue arising from his broken tooth. (Doc. 15, p. 6). Construing the allegations liberally in favor of Plaintiff, the Court interprets this allegation to mean that Plaintiff wanted treatment with *any* dentist who could address and repair his broken tooth.

### *Bivens* or Section 1983

Plaintiff brought this action pursuant to *Bivens*, but his claims are likely governed by 42 U.S.C. § 1983.  Section 1983 imposes tort liability on state and local actors for violations of federal rights.  *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).  *Bivens* provides a private cause of action for damages against federal officials.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Plaintiff likely filed this action pursuant to *Bivens* because he was on a federal holdover at the Jail when his claims arose.  However, he asserts claims against local officials, making Section 1983 the proper avenue to relief.  *Belbachir*, 726 F.3d at 978.

### Count 1

The applicable legal standard for Plaintiff's dental claim depends on whether he was a pretrial detainee or a convicted person when his claim arose.  This claim is governed by the Fourteenth Amendment if he was a pretrial detainee, *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), or the Eighth Amendment if he was a convicted person, *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).

A pretrial detainee's dental claim arising under the Fourteenth Amendment Due Process Clause involves two inquiries.  *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  The first "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case."  *Id*.  The second asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care."  *Id*.

In contrast, an Eighth Amendment claim arising from the denial of dental care consists of an objective and a subjective component.  *Berry*, 604 F.3d at 439-40.  A plaintiff must show that

he suffered from a serious medical condition (*i.e.*, an objective standard) and also show that each defendant responded with deliberate indifference (*i.e.*, a subjective standard). *Id.*

Count 1 against Dr. Marcowitz survives Section 1915A review under both standards. The allegations suggest that Dr. Marcowitz responded to Plaintiff's serious dental issues by prescribing a course of antibiotics and pain relievers that were ineffective and resulted in persistent pain, difficulty eating, and trouble sleeping for almost a year. (Doc. 15, p. 6). Given this, Count 1 shall proceed against Dr. Marcowitz.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 15) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **DR. MARCOWITZ**.

The Clerk's Office shall be **DIRECTED** to **TERMINATE** Nurse Kate, Sheriff Richard Watson, and Wexford Health Sources, Inc. as defendants in CM/ECF. They were not named as defendants in the First Amended Complaint. (*See* Doc. 15). They were named as defendants in the Second Amended Complaint, which was dismissed on January 21, 2021. (*See* Docs. 19 and 20).

**Because Count 1 arises from the alleged denial of dental care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **MARCOWITZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 15), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will

require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/27/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.